Judge Marshall
delivered the opinion of the Court.
This suit in chancery was brought by Stout’s administrator, against Whittemore, as a non-resident, upon a contract made between them, in June, 1823, in relation, to the building of a house and stable.
By the contract, Stout undertook to furnish the proper materials for the wood work of a large brick house and stable, to be built for Whittemore, at the Lower Blue Licks; and to finish the carpenter’s or joiner’s work about the house and stable (all of which is minutely described,) in a workmanlike manner, making it as good as the style of similar work in Keene’s tavern, house in-Lexington. Whittemore was to have the walls built and ready for the carpenter, by the 15th of November,, 1823, and Stout was to finish the wood work and deliver the house to Whittemore, on the 1st-day of May, 1-824. For the whole work to be done by Stout, Whittemore' agreed to pay him three thousand one hundred and ninety nine dollars, in notes of the Bank of the Commonwealth of Kentucky, of which three hundred and sixty dollars were paid in hand; seven hundred and sixteen! dollars were to be paid in sixty days;, a thousand and sixty six dollars to be paid when, the house should be covered; and the rest, amounting to a thousand and sixty eight dollars, to be paid when the house, should be. finished and delivered.
The bill alleges, that Stout fully performed his part of the contract, and delivered the work on the first day of May, 1824; but that Whittemore has failed; to-pay &c., -prays a decree for the amount, and that the house &e. should be sold for its satisfaction..
Whittemore denies that Stout had performed his par.t of the agreement; alleges various defects in the" mate *428 rials and workmanship, and that the house was not finished and delivered at the time agreed on, nor until long after, and points out various injuries, which he avers he has sustained by reason of Stout’s failure. He further states, that he has paid as much of the price agreed on as, in equity and good conscience, Stout was entitled to receive, and claims credits for numerous payments made —referring, in support of most of them, to the receipts of Stout and his agent, or to other written evidences; all of which vouchers are filed with his answer as parts thereof.
Evidence.
3 iry — tlieir verdict,andamotion (by def’t,) to set it aside.
At a subsequent stage of the cause, he filed a cross bill, of which his answer is made a part, and prays the Court to take into consideration the damages sustained by him, in consequence of Stout’s failure to. perform his part of the contract, and decree in his favor for the balance. This cross bill was filed pro forma, with the understanding that it need not be answered.
Various depositions were taken, relating chiefly to the quality of the materials furnished and of the work done by Stout, and to the time when the work was completed and the house received. And it was agreed by the counsel of the complainant, that the receipts and vouchers exhibited by the defendant, might be read as evidence on the trial of the suit. Besides the credits claimed on the receipts filed, the payment of fourteen hundred dollars was proved by witnesses.
When the cause came on for trial, a jury was empannelled,'by order of the Court, to enquire: (1.) Whether Stout executed the work and performed the covenant on his part, according to the contract. (2.) Whether Whittemore received the sanie, and what damages were sustained by Stout in consequence of Whittemore’s failure to pay for the work on'his part. (3.) What damages were’sustained by the defendant in consequence of the failure of Stout to furnish such materials and do the work as his contract required. And (4.) what damage the defendant sustained by reason of Stout’s failure to finish and deliver the work on the 1st of May, 1824, and by the delay from that time, until it was ready to be delivered.
Question»,
Opinion, upon vérSLT wa^not formorethanthe Th^price Tfthe job with interest,
Receipts filed, as exhibits, with an answer, may be read, and, if not controverted by other evidence, will prove what they state — nothing else: agreement of counsel that they may be read merely, does not alter the case; and allegations, designed to give them an application, or explanation, not apparent upon their face, must be proved, to have that effect.
The jury, in their verdict, say, they find that Stout performed the covenant on his part; that Whittemore received the building as finished; that he did not pay the whole of the price covenanted on his part to be paid; and they find for the complainant six hundred and eighty five dollars in damages, by reason thereof; and they do not find that the defendant has sustained any damage by reason of any alleged breach of the covenant on the part of Stout.
The defendant’s counsel moved to set aside the verdict, as being against law and evidence; and because the damages were excessive. But the Court overruled the motion, and rendered a decree for the damages assessed by the jury: for the reversal of which, Whittemore prosecutes a writ of error.
The assignment of errors presents several questions relating to the submission of facts to the jury, and the proceedings thereon, but they need not be noticed in detail. The material question is, whether, upon the whole case, as it appears on the evidence, the decree has done equity between the parties.
Upon a strict scrutiny of the credits claimed by Whittemore, we are satisfied that, after allowing him all the payments that are sufficiently proved, and charging him with interest on the sums not paid according to the terms of the original covenant, the balance appearing against him, is at least equal to the damages decreed. We have arrived at tins result, by rejecting the credit of three hundred and twenty two dollars, six cents, claimed on account of the alleged double payment of that sum to Hager, the agent of Stout; and by rejecting, also, one half of the credit of sixty nine dollars, fifty seven cents, claimed on account of Hager’s receipt for 'thirty-four dollars, seventy eight and a half cents, alleged to have been paid in specie.
The receipts of Stout’s agent, filed as parts of the answer of Whittemore, being undenied and uncontrovert- *430 ed by other evidence, may be taken as proof of the facts which they state. Winters vs. January & Son, Lit. Sel. Cas. 13. And the agreement of the parties that the receipts thus filed (including those which relate to the two items above mentioned,) might be read as evidence* on the trial, gave them no additional effect. They prove nothing but what appears upon their face. And any additional facts which, if true, would give them an effect and application different from their direct import, must be proved. The mere allegation of such facts in the answer, is insufficient.
A receipt for so many dolls. (the sort of money not stated) held to be proof of satisfaction ofonly the same number of dollars of the debt, tho’ it was payable in bank notes, then at 50 pr. ct. .discount.
A receipt for a partial payment, and another* dated a year after, for the whol'e debt, held to be not conclusive proof of a double payment.
Appeals in equity cases, are upon the matters of fact, as well as the matters of equity founded on the facts; Sf tho* a question of lact may have been referred to a jury, and a verdict returned in the court below, this court will look beyond the verdict, and decide according to their own views of the evidence.
The application of these remarks to the credit of sixty nine dollars, fifty seven cents, claimed on the allegation,, that the sum of thirty four dollars, seventy eight and a half cents receipted for, was in specie, and therefore entitled Whittemore to a credit for double that amount, is sufficiently obvious. And with regard fo the credit of three hundred and twenty two dollars, six cents, it is only necessary to say, that the two receipts of Hager, on the ground of which that credit is claimed, do not conclusively prove the double payment, as alleged; that if they do prove this, they also prove that each payment was made to Hager,.not as the agent of Stout, but on* a contract of his own; and that there is no proof in support of the allegation of the answer, that, by a subsequent agreement, the sum thus overpaid upon Hager's contract, should be credited on that of Stout.
if therefore, it were true, as the jury have stated in* their verdict, that Stout performed his covenant, and' that Whittemore sustained no damage by reason of any alleged breach, the damages decreed against him, could not on the present state of the proof, be deemed excessive, and the decree would be affirmed. But “the appeal in equity cases is upon the matters of fact, as well as matters of equity founded on the facts;” and in looiffng, as we are bound to do, beyond the verdict, to the evidence of the facts, the conviction is forced upon us, that Stout did not perform his covenant either in regard to the time specified for finishing the buildings,, or the quality of the work and materials. The precise extent of these failures, the evidence does not enable us to ascertain;, and *431 it is probable, that the failure as to the time of finishing the work, may have been in part owing to the failure on Whittemore’s part, to have the brick and stone walls ready for the joiner’s work, by the 15th of November, 1823, as he undertook to do, and to make the second and third payments, according to his contract. But the defects in the materials and workmanship certainly render the work less valuable than it ought to have been, and if Whittemore is held accountable for the contract price, this difference in value is a damage to him. It is moreover expressly proved, that the walls of the building have sustained some damage from the defective construction or materials of the gutters for carrying off the water from the roof, and that new gutters had to be put up.
Where a party in chancery is entitled to damages —the amount of which does not appear — as where bad work or materials are put upon a building, contrary to contract, it may be referred to a jury to assess the da-_ mages, and their verdict,Mynjre the single question, will be entitled to much influence. But if the question is coupled with other matters, immaterial to the true issue, or calculated to mislead the jury, their finding will be entitled to no weight whatever.
Under these circumstances, it would seem to be manifestly unjust that Whittemore should be compelled to pay for defective materials and workmanship, the full amount which he had agreed to pay for such as were good.
The damages sustained in consequence of these defects in quality, and those arising from a failure to complete the work in time, may have been comparatively small, and, as they are not rendered certain by the evidence, they are proper subjects of enquiry by a jury. If this subject had been referred to the former jury, unconnected with any other enquiry, any assessment by them of damages for the breaches of covenant on the part of Stout, however moderate, would have been entitled to great and perhaps decisive influence. But as the submission to them, of the enquiry whether Stout performed his covenant, implied at least a doubt upon that subject on the part of the Court, and as the direction that they should enquire whether Whittemore received, the work, was calculated to mislead them, as to the effect of his receiving it, and may have produced the impression that his reception and occupancy of the buildings (though upon his own land) was an acknowledgment that there had been no breach on the part of Stout, •or a waiver of such as might have occurred, their finding iio damages for Whittemore is entitled to no weight in *432 determining the question whether any were in fact sustained by him. His right to some damages is certain; the doubt which a jury may properly solve, is as to the quantum.
Upon a bill to ■subject a nonresident’s land to ■the payment of his“ debt, there should be no decree without a bond of indemnify. S. Law, 99.
It was erroneous to decree against Whittemore, the whole amount with which he was chargeable by the terms of the contract,without any deduction on account ofStout’s failures on his part; and it was also erroneous to render a decree before the complainant had entered into bond, as required by the sqcond section of the act 1827, in relation to absent defendants.
For these errors, the decree'is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.