Judge Marshall
delivered the Opinion of the Court.
Upon consideration of the opinion and mandate rendered in this entuse, upon the former writ of error, 3 Dana, 427, we are of opinion that the parties were not thereby precluded from taking further testimony with regard either to the credits or the damages claimed by Whittemore; and such further testimony having been taken by each party, under the general leave to take and re-take depositions, we are of opinion that the depositions so taken by Whittemore, have established his right to the credit of three hundred and twenty two dollars and six cents.,, as paid on the 23rd day of May, 1825, which credit is claimed by the answer, and disallowed in the former opinion, as the evidence then stood. We are also of opinion that the receipt for thirty four dollars and seventy eight cents, dated 21st of May, 1825, is now proved to have been given on account of items charged a¿ their specie value, and making up that sum in specie which was worth double the sum in notes of the Bank of the Commonwealth, and that, if said receipt is evidence of a credit on this contract, it entitles Whittemore to a credit of sixty nine dollars and fifty six cents, instead of thirty four dollars and seventy eight cents, as allowed in the former opinion.
If these two sums of three hundred and twenty two dollars and six cents, and thirty four dollars and seventy eight cents, or even if the first of them only, be credited *237 to Whittemore, in addition to the other credits claimed by him, and not heretofore disallowed, it will be found that, charging him with interest on all previous balances not paid according to contract, the balance against him on the 23rd of May, 1825 — the date of the last credit, when reduced to specie, and added to the interest accruing thereon up to the rendition of the last decree, in January, 1837, forms an aggregate sum which falls far j 7 ' ©« o short of the sum then decreed against him.
¿p¡n;on was not conclusive on testimony, taken under the general leave admissible and being sufficient>the credits are now allowed,
thereby be done, When a decree in chancery is re versed, this court proceeds & prescribes specifically the decree to be rendered, unless it appears, that, because of defects which may be supplied, injustice will or unless a nearer approximation to equal justice will probably be attained by remanding the '"'se. And, where parties have had reasonable and repeated opportunities of preparing their s, they must abide the result of a submission, tho’ perfect justice may not be attained. cause case.
It appears, however, from the terms of the receipt for , . V , ii • . • i thirty tour dollars and seventy eight cents above noticed, that the amount receipted for had already been allowed to Whittemore, in a settlement made about the time of its date; and the same fact appears on the face of two other receipts, viz. a receipt for fourteen dollars specie dated 21st of May, 1825, and a receipt for twenty six dollars specie dated 23rd of May, 1825; and as the evidence of Whittemore’s witness shows that the settlement here referred to, related to other work, and did not extend to the subject of this contract, it seems to follow that the application of these receipts to the contract now in question, would in effect be giving Whittemore a double credit for the same payments. If, however, these three credits, amounting to double the nominal sums expressed in the receipts, be disallowed and the credit of three hundred and twenty two dollars and six cents be retained, it will still appear, upon a calculation as above indicated, that the decree rendered is for too large a sum, even though Whittemore were entitled to no damages for the failure on the other side in performing the contract.
The decree, therefore, must necessarily be reversed: and the question arises whether the cause shall be again remanded for the further ascertainment of facts in the Court below, or whether this Court shall proceed finally to ascertain the facts and adjust the claims of the parties, upon the record as it now stands, and direct the proper decree thereon. The latter course. is not only the most usual, but evidently the proper course, unless *238 it appears, not only that, complete justice -will not be attained thereby, but that in all probability there will be a nearer approximation to it, by remanding the cause for further proceedings. It is also to be considered that there must be an end of litigation; and that after parties have had reasonable and repeated opportunities of making out their case, they must at length abide by the record as they have made it up, and gone to trial upon it, although perfect justice be not fully attained.
A party to a covenant, under which the carpenter’s materials and work for certain buildings were to be furnished and done for him, was sued in chancery (as an absent defendant,) for an alleged failure to pay the stipulated price of the job. He claimed damages for that, much bad work & materials had, as he alleged , been put upon the building, con trary to the covenant. The gen eral character of the work and ma terials, according to the proof,were not so good as they ought to have been — and there were defects,in divers par ticulars, pointed out, as to which the witnesses ex pressed no opinion as to what sum would make amends for the injury; as to some other particulars, the proof show’d the specific sums that would cover the damages for each. Many years had elapsed since the work was done. Two ]™eess’ ^the amount of dama-i^a,hadrepor-ted that none had Under these "dr'-cumstances, this court, in making a final decree in l*16 oase;.aliows damages lor those defects of work-tedalí'thTam’t of which is spe-an^no'moreT6'1^
*238 The case was not finally disposed of on the former writ of error, because the Court was satisfied that Whittemore was entitled to some damages for the failures of Stout for which he had been allowed nothing; and the Court did not then undertake to make the allowance, because the record did not furnish sufficient data for so doing. The record, as it now comes up, after the plaintiff in error' has twice gone into a final trial, is less favorable to him than before, upon the general question as to any substantial failure in the materials and workmanship of the house. His own letter of May, 1825, when he had received the house, conduces to show that he was not dissatisfied with the wood-work; and the depositions of Ballingal and Woods tend to show that there was no general deficiency in that respect. In regard to the specific proof in relation to particular defects pointed out by the witnesses, and the value of which might be calculated with reasonable accuracy, the case is unaltered, with the exception that the means of ascertaining the cost of replacing the gutters for carrying off the water from the roof is now furnished. The other specific defects are not important in their character, and would not require a large sum in damages to cover them.
We are still inclined to the opinion, upon the proof that the general character of the work and materials was not so good as it ought to have been, and that some damages has ensued in consequence of the defect. Bui the existence of this general deficiency, and the consequent damage, are but matters of opinion, on which the witnesses differ. No witness has undertaken to put ar estimate upon the damage, and two juries have refusec *239 to give any thing: the last acting under a submission which, though not precisely accurate, was not substantially erroneous. The lapse of time is rendering it more and more improbable that more definite evidence, or á more satisfactory result, will be produced by allowing another opportunity. And the mere possibility that a new set of men may, upon the same evidence, entertain an opinion more favorable to the plaintiff, than those to whom the question has been heretofore submitted, constitutes no sufficient motive for protracting the contro-VerSV. ■
, , .. , . . it was intimated m the former opinion, that if the jury had allowed moderate damages, they would have been taken as fixing the amount of credit to be given on account of Stout’s failures in the work. And we are now of opinion, that the allowance of a reasonable sum amply sufficient to cover the specific 'damages, ascertainable from the proof, is all that Whittemore can now expect to attain from any tribunal to which the question may be referred, and will be as near an approximation to exact justice as is now attainable.^ Certainly, if the first jury had found damages to the amount of one hundred and fifty dollars, or even one hundred dollars, the case would have been finally settled on that basis, when it was first here. And we think the largest of these sums would be reasonable, under all the circumstances which have been stated.
But the credits claimed for the paper value of the three receipts of May, 1825, above noticed, amount to within a fraction of one hundred and fifty dollars. And in ascertaining the amount to be decreed, the result is the same, whether that sum be credited for payments made, but which should not be applied to this contract, or for damages sustained which should be credited upon this contract. And were it conceded that, in not expressly rejecting those receipts when the case was formerly here, the Court is to be understood as conclusively determining that their value should be applied as a credit on this contract, still as such an application of them is evidently allowing Whittemore a double credit *240 for the same payment, it is certainly operative to the extent of the credit already given, to rebut in equity the claim to an additional credit on account of damages.
Interest allowed, in equity, on the balance due on a building con tract, though the contract was nev cr fully performed.
Whittemore cannot in equity be entitled to both of these credits, and we substitute the credit of one hundred and fifty dollars for damages, in lieu of the credits, amounting to one hundred and forty nine dollars and fifty six cents, claimed on account of the three receipts. Applying this credit as a deduction from the balance due by Whit-temore on the 23rd of May, 1825, when he received the house, instead of the three credits claimed, amounting to one hundred and forty nine dollars and fifty six cents, there remained then due from him five hundred and twelve dollars in Commonwealth’s Bank notes, equal to two hundred and fifty six dollars in specie upon which, in our opinion, Stout was entitled to interest until paid.
Wherefore, the decree is reversed, and the cause re manded, with directions to render a decree in favor of Stout’s administrator against Whittemore, for the aggregate amount of two hundred and fifty six dollars, ano the legal interest thereon from the 23rd of May, 1825,, up to the rendition of the decree, with legal interest or1 that aggregate amount from the date of the decree unti¡ paid, and for such other proceedings on the decree a.< equity and the case may require.